IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JONATHAN PAUL DEMERECZ,       )
      Petitioner,       )       Civil Action No. 13-194 Erie
             )
      v.       )
             )       Magistrate Judge Susan Paradise Baxter
SUPERINTENDENT McGRADY, et al.,       )
      Respondents.       )

**OPINION AND ORDER**[1]

    Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner

Jonathan Paul Demerecz pursuant to 28 U.S.C. § 2254. He is challenging the judgment of sentence

imposed upon him by the Court of Common Pleas of Erie County on January 31, 2008. For the reasons

set forth below, Petitioner's claims are dismissed with prejudice because they are untimely and a

certificate of appealability is denied.

**I.**

**A.**    **Relevant Background**[2]

    In 2007, Demerecz was convicted in a non-jury trial of 21 counts of possession of child

pornography and one count of possession of instruments of crime. In his direct appeal, Demerecz

argued, *inter alia*, that there was insufficient evidence to support his convictions because the

Commonwealth failed to prove: (1) that he had knowledge of the images of child pornography on his

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2]    Respondents have submitted the Common Pleas Court's file, which contains documents that were filed with that court. Those documents shall be cited to as "CP Dkt. No. ___." Respondents also have filed additional state court records at ECF Nos. 18 and 19.

1

computer; and, (2) that no one else accessed the computer. The Superior Court of Pennsylvania rejected Demerecz's argument and in doing so set forth the evidence introduced at his trial. It explained:

> An anonymous caller notified the Wesleyville Borough Police Department to the possibility that Demerecz's computer may contain images of child pornography. The anonymous caller indicated that he discovered the images when he was checking the Internet connection. The Erie County District Attorney's Office obtained a search warrant and executed it at Demerecz's apartment. When they arrived, the door to Demerecz's room was locked. After the landlord unlocked the door they entered and observed a computer that was operating Bitlord, a peer-to-peer file sharing program. They seized two computers, numerous computer compact discs, and a USB flash drive. The computer that contained the alleged child pornographic movies was registered to "DEM" and had an account named "Earthquake." Following examin[ation] using forensic software, the police's forensic examiner discovered twenty-two movies depicting alleged child pornography that had been saved to the computer's hard drive over a period of several months in the early hours of the morning. The movies were saved under the "Guest Login" account in the "My Documents" folder. The examiner also reviewed the Bitlord and the Morpheus peer-to-peer programs. She determined that the "Guest" user conducted searches through Morpheus that included terms associated with child pornography. She also discovered that searches in Morpheus in which terms associated with child pornography were used were conducted by "Earthquake." The trial court examined twenty-one movies; one movie failed to play, and the count associated with that movie was withdrawn. Demerecz's computer forensic expert testified that multiple persons could have had accessed the "Guest" account on Demerecz's computer. He also indicated that someone else could have placed the movies onto Demerecz's computer.
>
> Following review, we find that the evidence sets forth the elements of possession of child pornography and possession [of] instruments of crime. The facts show that twenty-one movies of child pornography were downloaded onto Demerecz's computer during the early morning hours over a four-month period. The downloaded movies used two different peer-to-peer software programs. In fact, the Bitlord program was operating in Demerecz's locked room when the police executed the search warrant. The number of movies coupled with the time at which they were downloaded, both the four-month period and the late hour, lead to the conclusion that Demerecz, and not some other person, downloaded the movies onto his computer located in his room and, thus, satisfied the scienter requirement of the statute. Accordingly, Demerecz knowingly possessed the twenty-one movies of child pornography and his computer was an instrument of crime.

(CP Dkt. No. 38, <u>Commonwealth v. Demerecz</u>, No. 388 WDA 2008, slip op. at 3-5 (Pa.Super. Dec. 1, 2008)).

The Supreme Court of Pennsylvania denied a petition for allowance of appeal ("PAA") on June 18, 2009. (CP Dkt. No. 36). Demerecz's judgment of sentence became final on or around

September 16, 2009, upon expiration of the 90-day time period to file a petition for writ of certiorari with the U.S. Supreme Court. Gonzalez v. Thaler, — U.S. — , 132 S.Ct. 641, 653-56 (2012) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (same).

On or around June 29, 2009, before his judgment of sentence became final, Demerecz filed in the Court of Common Pleas a *pro se* petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. (CP Dkt. No. 35). The PCRA court appointed William J. Hathaway, Esq., to represent him. (CP Dkt. No. 37). Hathaway subsequently filed a petition for leave to withdraw as counsel and an accompanying "no-merit" letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa.1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa.1988). (CP Dkt. No. 39). He wrote:

> The Petitioner asserts that he was misinformed during the recitation of the rights at time of sentencing as to the necessity for filing a post-sentence motion prior to taking an appeal. The Petitioner avers that the trial court recalled the Commonwealth expert testifying as to a specific matter in contravention of her actual testimony and defense counsel failed to pursue this disparity. The Petitioner argues that the apartment number was incorrectly recited in the search warrant and that defense counsel never pursued this issue. The Petitioner avers that a conflict of interest arose in that the Court signed the warrant upon the assumption that the supporting statements therein were true and accurate, but then ruled at trial that the statements given by witnesses could not be presented into evidence as truthful. The Petitioner sets forth a general averment of ineffective assistance of counsel and seeks the provision of a new trial predicated on the collective assertions.
>     - - -
> The Petitioner's challenge to the recitation of post-sentencing rights is without arguable merit in that the Commonwealth's statement is accurate. The Petitioner pursued a direct appeal and exhausted his assertions on appeal in challenging the sufficiency and weight of the evidence. In that context, the appellate court has reviewed the evidentiary record before the trial court and held that the verdicts are supported by sufficient evidence and otherwise not against the weight of the evidence. The Superior Court reviewed and considered the evidence, which was found to be significant and compelling relative to whether a sufficient nexus and exercise of control and dominion was established between the Petitioner and the content of his computer in regard to the child pornography. The sufficiency of the evidence has been finally litigated pursuant to the exhaustion of state court review. A component of the trial court verdicts and the appellate review related to the determinative issue of nexus and control and exercise of dominion

3

including the competing expert testimony. The Petitioner now seeks to further challenge the efficacy of the trial process by asserting that the trial court misstated the evidence cited by Detective Lynn in her expert testimony based upon the Court's error and defense counsel's failure to pursue that point. The Petitioner further argues that a conflict of interest arose in that the Court approved the warrant based upon a finding of the truthfulness of the supporting averments, but then ruled for purposes of trial that the statements were not admissible. The averments fail to state a colorable claim for relief in terms of challenging the integrity of the trial process. As the Superior Court of Pennsylvania has set forth in its opinion, the evidence relating to the child pornography including specifically the circumstances providing a nexus between the content of the computer and the Petitioner were substantial and compelling with no credible basis to impute the conduct to any other person. The instant averments fail to challenge this finding or otherwise provide any sound basis to challenge the integrity of the trial process and the reliability of the truth-determining process.

The Petitioner further avers that the search warrant was in error given the incorrect recitation of the apartment number of the space in which he resided. This averment amounted to a harmless error and would not have impacted on the legality of the issuance or execution of the search warrant in this instance. The fruits of the execution of the search warrant ultimately provided a sufficient link and nexus between the Petitioner and the computer content and the issuance of the search warrant was predicated on factual averments relating to the person subject to the computer usage and not a specific residence. Hence, the facts now asserted by the Petitioner would not have provided any credible basis to challenge the legality of the search or seek to suppress the fruits of that search and seizure.

Therefore, I am compelled to find that the Petitioner has failed to state any colorable claims for PCRA relief. I have failed to find any arguable basis to assert any claims of ineffective assistance of counsel whereby the truth-determining process was so undermined as to question the reliability of the adjudication of the guilt or innocence of the Petitioner. Therefore, I am submitting the enclosed Petition for Leave to Withdraw as Counsel in the instant case thereby leaving the Petitioner with the option of proceeding pro se or with privately retained counsel or not at all pursuant to Commonwealth v. Turner, 944 A.2d 927 (Pa. 1988).

(CP Dkt. No. 39).

The Court of Common Pleas granted Attorney Hathaway's petition for leave to withdraw (CP Dkt. No. 44) and on September 15, 2009, it issued an Opinion and Notice of Intent to Dismiss the PCRA Without a Hearing Pursuant to Pa.R.Crim.P. 907(1). (CP Dkt. No. 42). On October 22, 2009 the Court of Common Pleas issued the final order in which it denied Demerecz's PCRA petition. (CP Dkt. No. 45).

4

The court expressly advised Demerecz that he had 30 days from the date of this final order to file an appeal. Demerecz did not pursue an appeal. Accordingly, the PCRA proceeding concluded on or around November 21, 2009, when the 30 days that he had to file an appeal with the Superior Court expired.

On June 8, 2010, Demerecz filed another PCRA petition. (CP Dkt. No. 46). In it, among 19 other claims, he alleged that his trial counsel was ineffective for failing to investigate and/or call two potential alibi witnesses, professors Charles Burchard and Meng Su. According to Demerecz, these professors would have testified that he was in class on October 18, 2006, when alleged illegal contraband was being downloaded onto his computer. On July 26, 2010, the Commonwealth filed an Answer to the PCRA petition. (CP Dkt. No. 48). In response, on August 9, 2010, Demerecz filed an amendment to his original petition, listing more potential alibi witnesses. (CP Dkt. No. 49).

On August 18, 2010, the Court of Common Pleas issued its Notice of Intent to Dismiss the PCRA petition. (CP Dkt. No. 50). It held:

> The record reveals that Defendant's Roman numerals III, IV, V, VI, VII, VIII, X, XI, XIII, and XIV have been set forth either in a previous direct appeal to the Pennsylvania Superior Court or in the Defendant's prior counseled PCRA. Those issues are therefore dismissed as previously litigated. Commonwealth v. Murray, 836 A.2d 956 (Pa.Super. 2003) (holding a petitioner cannot obtain PCRA review of claims previously litigated by alleging ineffective assistance of prior counsel and presenting new theories or relief to support previously litigated claims), *overruled on other grounds by* Commonwealth v. Robinson, 970 A.2d 455 (Pa.Super. 2009).

> Counts IX, XII, XV, XVII, XVIII, XIX, and XX are for the most part not cognizable under PCRA law, are contradicted by the record, and/or present issues that have been waived.[1]

> The final three issues, Roman numerals I, II, and XVI are meritless. As to the two potential alibi witnesses, they cannot be true alibi witnesses because many of the crimes (child pornography files) were created/downloaded at odd hours during the middle of the night or early morning when no classes were being held and/or the Defendant could not have been babysitting. Further, to succeed on this claim, the Defendant must establish the following elements:

> (1) the witness existed;

> (2) the witness was available;
> (3) counsel was informed of the existence of the witness;
> (4) The witness was prepared to cooperate and testify at time of trial; and
> (5) The absence of the testimony prejudiced appellant so as to deny him a fair trial.

> Commonwealth v. Khalil, 806 A.2d 415 (Pa.Super. 2002), *appeal denied* 818 A.2d 503 (2003).

> Finally, it is well settled law that ineffectiveness for failing to call a witness will not be found where a defendant fails to provide affidavits from the alleged witness indicating availability and willingness to cooperate with the defendant. Id. Clearly, the Defendant has not met these requirements.

> The same requirements apply to the Defendant's character witnesses. The alleged character witnesses nowhere attest to any particular trait of character associated with the Defendant either.

> As to the last issue of ineffectiveness for failing to call the Defendant in his own defense, counsel, even on the representations of Defendant, had a reasonable basis in fact for advising the Defendant not to testify. There is no evidence of record that counsel forced or improperly coerced the Defendant not to testify, that the Defendant was unaware of his right to testify, or that the Defendant was denied the opportunity to testify. Again, counsel had a reasonable basis for his advice, and the Defendant made the choice not to testify.

(CP Dkt. No. 50 at 1-3 (footnote omitted)).

In response to the Court of Common Pleas' notice of intent to dismiss, Demerecz filed another

amendment to his PCRA petition. (CP Dkt. No. 54). On September 22, 2010, the Court of Common

Pleas issued its final order dismissing the PCRA petition and subsequent amendments. It held:

> [T]he Defendant's Second Amendment does not set forth any information which would constitute a specific alibi for the time periods in question,[1] nor does the general allegation that a person is willing to testify as to the character of the Defendant meet the PCRA requirements as to character evidence."

> [1] Also there is no evidence that defense counsel was aware of these people, their availability or willingness to testify, or the content of their testimony.

(CP Dkt. No. 55).

Demerecz filed an appeal with the Superior Court in which he raised 13 claims of ineffective assistance of counsel, as well as a challenge to the sufficiency of the evidence. (CP Dkt. Nos. 56, 94). On May 2, 2011, the Superior Court issued a Memorandum in which it affirmed the order of the Court of Common Pleas. It determined that although this was a second or subsequent PCRA petition, its filing date of June 8, 2010, was within the one-year time limit for filing a PCRA petition (which expired on September 16, 2010 (one year from the date his judgment of sentence had become final). In affirming the Court of Common Pleas' decision, the Superior Court held:

> In this appeal, Appellant challenged the denial of his PCRA petition, arguing that "[t]rial counsel and [s]ubsequent [c]ounsel [were] ineffective on [m]ultiple [grounds]." (Appellant's Brief, at 1). Appellant has raised fourteen issues in his appeal. Specifically, he contends that trial counsel was ineffective for not (1) calling alibi witnesses to testify at trial, (2) calling character witnesses to testify at trial, (3) pursuing seven deficiencies with the search warrant, (4) calling Chief George Hooker as a witness at trial, (5) objecting to the preclusion of statements from informants at trial, (6) objecting to a statement made by the trial court at sentencing, (7) objecting to a statement made by the District Attorney, (8) securing evidence in police custody for examination by a defense expert, (9) calling Appellant to testify at trial, (10) securing a reasonable amount of time for the defense expert to examine computer evidence, and (11) calling two eyewitnesses to testify at trial (Id. at 5-13). Appellant additionally claims that PCRA counsel was ineffective for failing to challenge the probable cause for the search warrant and failing to file an amended PCRA petition. (Id. at 7, 14). Lastly, Appellant asserts that there was insufficient evidence presented at trial to support his convictions. (Id. at 15).
> - - -
> Appellant has raised eleven claims of ineffective assistance by his trial counsel and two claims of ineffectiveness by his PCRA counsel. The law presumes that counsel is effective and the burden of proving otherwise rests with Appellant. Commonwealth v. Steele, 961 A.2d 786, 796 (Pa. 2008). Where an appellant's underlying claims are waived due to the failure to raise such claims at a prior point in the proceedings, a layered claim of ineffective assistance of counsel, alleging that the appellant's most recent counsel was ineffective in failing to raise the contention that prior counsel was ineffective, may be made under the PCRA. See Commonwealth v. Reyes, 870 A.2d 888, 896 (Pa. 2005).
>
> Here, each of Appellant's eleven claims of trial counsel's ineffectiveness were known and available to him at the time of filing the [June 29, 2009] petition,[7] and Appellant has not offered any explanation for his failure to include the remaining ten claims in that petition. See Commonwealth v. Allen, 732 A.2d 582, 587 (Pa. 1999) ("claim[s] of ineffectiveness must be raised at the earliest possible stage in which the allegedly ineffective counsel no longer represents the petitioner." Hence, Appellant's

failure to raise these ten claims regarding trial counsel in the [June 29, 2009] petition results in a waiver unless Appellant presents a layered ineffectiveness claim. See 42 Pa.C.S.A. § 9544(b).

[7] The only ineffectiveness claim that was raised in Appellant's [June 29, 2009] petition was that trial counsel failed to challenge the search warrant in which the "apartment number was wrong." ([ ] PCRA Petition, 6/29/09, at 3). In a Turner/Finley "no merit" letter, Appellant's PCRA counsel evaluated this claim and found that it lacked merit. The PCRA court agreed and dismissed Appellant's [June 29, 2009] petition. Appellant did not file an appeal. Accordingly, this claim of ineffectiveness was previously litigated and resolved against Appellant. See 42 Pa.C.S.A. § 9544(a)(3).

Accordingly, in order to establish a claim of ineffective assistance of trial counsel, Appellant must present a layered claim of ineffectiveness that asserts PCRA counsel was ineffective for failing to raise claims of ineffectiveness of trial and direct appeal counsel, and he must satisfy all three prongs of the [Commonwealth v. Pierce, 527 A.2d 973 (Pa. 1987)] test.[8] See [Commonwealth v. Hall, 872 A.2d 1177, 1184 (Pa. 2005)].

(1) the underlying claim has substantive merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis of his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of that counsel's deficient performance.

Hall, supra at 1184 n. 6 (citations omitted).

[8] We note that Appellant was not required to raise his claims of trial counsel ineffectiveness on direct appeal, despite having new counsel appointed. See Commonwealth v. Grant, 813 A.2d 726, 738 (Pa. 2002) ("claim raising trial counsel ineffectiveness [are not] considered waived because new counsel on direct appeal did not raise a claim related to prior counsel's ineffectiveness.").

Appellant claims that PCRA counsel was ineffective for two reasons: failing to challenge the probable cause for the search warrant, and failing to file an amended PCRA petition. Appellant has presented a layered claim in his challenge to the probable cause search warrant, wherein he states that "there was not probable cause to issue the search warrant and [t]rial [c]ounsel and all subsequent counsel were ineffective for failing to raise this issue[.]" (Appellant's Brief, at 7). Appellant also arguably attempts to present a layered claim of ineffectiveness in his claim regarding the filing of an amended petition, by asserting PCRA counsel did not pursue trial counsel's failure to raise questions of alleged perjury by a Commonwealth witness. (Id. at 14). However, Appellant did not address or develop any claim against trial, direct appeal or PCRA counsel under the Pierce test. He has not analyzed the three prongs of ineffectiveness as it relates to each layer of counsels' performance. For this reasons, he has waived post-conviction review of

his ineffective assistance of counsel claims. See Steele, supra at 796 (failure to discuss and apply each prong of Pierce test results in waiver); Hall, supra at 1184.

Appellant's only remaining issue is that the evidence was insufficient to sustain his conviction. However, the record reflects that Appellant's direct appeal set forth this same argument, and it was rejected by this Court and his petition for allowance of appeal was denied. Hence, "the highest appellate court in which [Appellant] could have had review … has ruled on the merits of the issue." Id. at § 9544(a)(2). Therefore, this issue has been previously litigated, making Appellant ineligible for PCRA relief on this basis. Id.

(CP Dkt. No. 94, Commonwealth v. Demerecz, No. 1627 WDA 2010, slip op. at 6-8 (Pa.Super. May 2, 2011)). On December 7, 2011, the Supreme Court of Pennsylvania denied a PAA. (CP Dkt. No. 93).

On December 29, 2011, Demerecz filed with the Common Pleas Court a petition in which he requested that "the court order the detectives office or an independent computer forensics lab to examine the contends of the hard drives that were seized in this case[.]" (CP Dkt. No. 83). He previously filed similar petitions in February 2011 and in May 2011, and the Court of Common Pleas denied each of them. (CP Dkt. Nos. 64, 67, 68). After the Court of Common Pleas denied Demerecz's most recent petition to examine evidence, he filed an appeal with the Superior Court.

On October 9, 2012, The Superior Court issued Memorandum it which it affirmed the Court of Common Pleas' decision. It held that Demerecz's petition must be treated as another PCRA petition and that that petition was untimely:

Appellant wants to determine if (1) the hard drive had malfunctioned; (2) the child pornography was stored in "hidden files"; or (3) the computer was capable of being accessed remotely by a third party. The gist of Appellant's request seems to be his belief that someone else had placed child pornography on his computer, or that Appellant was unaware that such material was on the computer because it was in hidden files. Appellant states the government is interfering with his ability to examine the computer and seeks a court order allowing him to search the computer drive so he can substantiate his claims. In our view, Appellant's "Request for Examination of Evidence" is cognizable under the PCRA, as it potentially implicates claims of government interference or after-discovered exculpatory facts. See Pa.C.S.A. § 9543(a)(2)(iv), (vi) (providing PCRA eligibility for certain claims, including those asserting government interference or existence of after-

9

discovery facts). Therefore, Appellant's claim falls under the well-established rubric of the PCRA.

The timeliness of a PCRA petition is a jurisdiction requisite. <u>Commonwealth v. Hackett</u>,, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. <u>Commonwealth v. Robinson</u>, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after a petitioner's sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions. <u>See</u> 42 Pa.C.S.A. § 9545(b)(1)(i)-(ii). To invoke an exception, the petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "[W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." <u>Commonwealth v. Gamboa-Taylor</u>, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000); 42 Pa.C.S.A. § 9545(b)(2).

Instantly, Appellant's judgment of sentence became final in September 2009, after our Supreme Court denied review and upon expiration of the period to seek review with the United States Supreme Court. Appellant filed his current petition in December 2011. Consequently, the petition is untimely on its face, and the court lacked jurisdiction to consider it unless Appellant pled and proved a PCRA time-bar exception. A liberal reading of Appellant's petition reveals he is attempting to invoke the timeliness

exceptions under Section 9545(b)(i)-(ii) by alleging government interferences and the potential existence of exculpatory evidence on his computer hard drive.

Appellant's claims, however, amount to nothing more than pure speculation. Regarding the assertion of government interference, law enforcement allowed Appellant's computer forensic expert to examine the computer hard drive before trial. Appellant appears to take issue with the length of time his expert was permitted to search the computer, but that alone does not suffice to prove government interference because the fact remains that law enforcement let Appellant's expert look through the hard drive before trial. In light of those facts, Appellant cannot show his failure to raise this claim previously was the result of governmental interference. Appellant is also misguided in his assertion of after-discovered facts. Appellant's expert opined in trial testimony that multiple persons could have accessed Appellant's computer, and it was possible for a third party to place the pornographic files on the computer. Therefore, Appellant's current petition seeks information that was known to him at trial and cannot possibly be classified as "after-discovered" for the purposes of Section 9545(b)(ii). As a result, Appellant failed to provide a timeliness exception, and the court lacked jurisdiction to address the petition. Accordingly, we affirm.

(CP Dkt. No. 98, Commonwealth v. Demerecz, No. 633 WDA 2012, slip op. at 3-6 (Pa.Super. Oct. 9, 2012)). On April 16, 2013, the Pennsylvania Supreme Court denied a PAA. (CP Dkt. No. 100).

On June 4, 2013, Demerecz filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In **Ground One**, Demerecz raises numerous claims of ineffective assistance of counsel.[3] He contends that his trial counsel (Joseph M. Kecskemethy, Esq.) provided him within ineffective assistance of counsel because counsel allegedly:

---

[3] In addition to raising numerous claims of ineffective assistance of trial and appellate counsel, Demerecz also contends that his PCRA counsel (Attorney Hathaway) was ineffective for failing to file an amended PCRA petition or do any other action to further his interests. Demerecz did not have a federal constitutional right to counsel during his PCRA proceeding, Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), and, for that reason, cannot receive habeas relief on a claim that his PCRA counsel was ineffective. 28 U.S.C. § 2254(i) ("[t]he ineffectiveness of counsel during Federal or State collateral post-conviction proceedings shall not be ground for relief in a proceeding arising under section 2254."). See also Coleman v. Thompson, 501 U.S. 722, 752-53 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings…. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.") (citing Wainwright v. Torna, 455 U.S. 586 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective assistance)).

(1) "failed to contact or interview alibi witnesses after filing a motion for an extension of time to file notice of alibi defense and having defendant give him defendant[']s location and list of witnesses to verify it";

(2) failed "to call any character witnesses";

(3) failed "to raise issue of lack of probable cause to issue search warrant as there was no description of what contraband the computer was reported to contain";

(4) failed "to raise issue of vagueness of the description of the items to be seized. Since it left judgment of what constitutes child pornography or child erotica to the executing officer in violation of the 4th Amendment";

(5) failed "to raise issue that search warrant had wrong apartment number. When both apartments matched the description given";

(6) failed "to raise issue that warrant was executed in violation of 'knock and announce' rule";

(7) failed to object "to misleading information given by District Attorney at sentencing, that waived the weight of evidence appeal issue";

(8) failed to "subpoena and call Chief George Hooker and instead called his replacement Chief Schultz whom he thought had taken statements and wrote report that it clearly says in the affidavit of probable cause that Chief Hooker took. So trial counsel did not read the affidavit prior to trial";

(9) failed "to object to statement of Judge Connelly which had no factual basis in the record of the case";

(10) failed "to secure evidence in police possession for expert examination";

(11) failed "to object to statement by District Attorney which had no factual basis in the record in her closing";

(12) failed "to raise issue of discrepancy between search warrant receipt filed and one left";

(13) failed "to raise issue that items were seized that were not specified in warrant";

(14) failed "to call defendant and interfering with defendant's right to testify";

(15) failed "to secure reasonable time for defense expert to examine evidence";

(16) failed "to demand whereabouts of eye witnesses to crime and call them as witnesses at trial";

(17) failed "to raise issue of violation of Pa.R.Crim.P. Rules 211(B)(2), (C), (H)(1), (H)(2)";

(18) failed "to question prosecution expert on issue after she said at trial that she did not look at hard drive, when all of her testimony was on what she found on the hard drive";

(19) "failed to realize or did not care that witness statements could not be entered into evidence without witness testifying in court, and build his defense of me around those statements"; and,

(20) "failed to have computer expert complete a full examination of the hard drive. Since he only secured an hour and a half to do an examination."

[ECF No. 1 at 7, 18-20]. Demerecz also contends that his direct appeal counsel (Tina M. Frying, Esq.) was ineffective because he she:

(1) failed "to respond to letters from me that included lists of issue that he thought should be investigated and raised";

(2) failed "to raise trial counsel's ineffectiveness on any of the issue that were later raised on PCRAs";

(3) "raising 'weight of evince' issue on appeal without first filing a post-sentence motion"; and,

(4) failed to raise issue that "form police testimony witness" [sic] "had access to computer on several occasions without defendant present. Thereby giving him opportunity to have been the one that committed the crime, motive if he wanted to view the videos and not risk being arrested for it on his own computer, and means since he set up the network and could access the files from his own computer as long as the network connections was working."

[ECF No. 1 at 19-20].

In **Ground Two**, Demerecz contends that his due process rights were violated because:

(1) "trial court [did not allow] statements of informants contained in police reports to be entered into the record, since defense counsel had buil[t] a defense around those statements";

(2) "The District Attorney and Erie County Detective[']s office directly interfered with the defense[']s right to equal access to the evidence by only allowing defense expert one and a half hours to examine hard drives compared to the over three weeks that Detective Lynn spent. Also, numerous items seized by police as evidence were never made available for defense examination, including but not limited to VHS tape, cell phone, thumb drive, CDs, DVDs, and the photos Detective Lynn took at the defendant's apartment";

(3) "The police asked the witness to brake back into defendant[']s room to get more information according to Sgt. Schultz's report. So that the witness was acting as an agent of the police without a warrant. Making all evidence based off that unlawful [search] tainted";

(4) the prosecution withheld the following evidence: "photos of room, cell phone, thumb drive, CDs, DVDs, as well as the contents of the hard drives that defense expert could not examine in one and a half hours he was allowed to try and perform his examination";

(5) "Prosecution expert lied: she said at trial that the number of CDs taken was listed on the inventory sheet. However, it does not say how many CDs and DVDs she took on the inventory sheet";

(6) "Prosecution expert did not demonstrate computer knowledge in questioning that justify her as an expert in computers";

(7) "Detective Lynn said she never read the witness statement that supposedly gave her the probable cause for the warrant";

(8) "Detective Lynn never questioned the Computer Network Administrator, which should always be done when a computer on a network is examined since depending on the network setup all users on the network can view and save files to anywhere on the network";

(9) "Judge ruled defense attorney could not ask questions to Detective Lynn about the search warrant that she requested";

(10) "prosecution expert said there was NO evidence that defendant had used guest login which had the child pornography on it";

(11) "Detective Lynn said Demerecz had NO child pornography saved to any storage media either in his room or in his possession when he was arrested. A computer hard drive is storage media so from her testimony there was no child pornography to charge me with";

(12) "Detective Lynn testified the files were downloaded with the program Morpheus but that the defendant did not have internet access which would make it impossible to download the files with Morpheus. A computer expert should know this";

(13) "Violation of the 5th amendment. There was no grand jury hearing in my case";

(14) "Violation of 6th amendment. The witnesses that went to the police were not called to testify by defense counsel, nor did he contact alibi witnesses and was ineffective for numerous omissions and the lack of due diligence."

(15) "Violation of 14th amendment section one. Property was taken as part of search warrant and at time of arrest that was never used as evidence of any crime nor was it ever returned";

(16) "By rule affidavit of probable cause is to be given to the defense no later than arraignment, but it was not provided until well after that"; and,

(17) "No one who took statements from witnesses or questioned them in a meaningful was were present to testify at trial."

[ECF No. 1 at 9, 21-23].[4]

In **Ground Three**, Demerecz contends that he suffered "prejudice from Judge and District

Attorney" because:

---

[4] In Ground Two, Demerecz also complains about the amount of time he was permitted to use the prison law libraries when we was incarcerated at the Erie County Prison, SCI Pittsburgh, and SCI Camp Hill. Such claims are not cognizable in a federal habeas proceeding. A habeas corpus petition is for challenging the fact of a criminal conviction or the duration of a sentence and its function is to secure release from illegal custody. A prisoner cannot challenge the conditions of his confinement in a habeas action. See generally Brian R. Means, FEDERAL HABEAS MANUAL § 1:34 (June 2014). See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 484-87 (1973); McGee v. Martinez, 627 F.3d 933 (3d Cir. 2010); Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002); Williams, et al. v. Sec'y Pennsylvania Dep't of Corr., 459 F.App'x 87 (3d Cir. 2012).

Demerecz also complains in Ground Two about the way in which the Superior Court handled an appeal of one of the various collateral petitions that he filed regarding having evidence examined. This claim does not entitle him to relief because:

[t]he federal courts are authorized to provide collateral relief where a petitioner is in state custody or under a federal sentence imposed in violation of the Constitution or the laws or treaties of the United States. 28 U.S.C. §§ 2254, 2255. *Thus, the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation.*

Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) (internal citations omitted) (emphasis added); see also Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004) ("[A]lleged errors in collateral proceedings are not a proper basis for habeas relief from the original conviction.").

(1) "Judge Connelly claimed the prosecution expert said the opposite of what she said, making the testimony unfavorable to the defense. This brings into question what he heard and how he twisted all testimony at trial";

(2) "Judge Connelly placed a motive on the case that there was no evidence of. He claimed the only reason movies of the type found on the hard drive are made is to make money. There is NO evidence the movies charged were ever bought or sold. This presented a motive that did not exist, into the mind of the Judge when he made the claims at sentencing";

(3) "Det. Lynn was ruled an expert in computer forensics when her training in that area was a one week seminar hosted by the software designer";

(4) Detective Lynn "lied at preliminary hearing. She said 'yes, they were accessed on difference dates' in reference to the last access of the files charge. However, from the discovery that was provided 18 of the 22 charged files were accessed on the same day at the exact same time. At a time the defendant was in class at Penn State Erie";

(5) "Judge Connelly showed malice when he claimed witness statement could not be taken as true and entered into evidence, since he took them as true to issue the search warrant."

[ECF No. 1 at 10, 24].

In their Answer, Respondents contend, *inter alia*, that the petition must be dismissed because all of Petitioner's claims are untimely under the statute of limitations set forth in AEDPA, which is codified in relevant part at 28 U.S.C. § 2244(d). [ECF No. 16]. Demerecz has filed a reply in which he contends that a dismissal of his claims will result in a "fundamental miscarriage of justice" because he is innocent. [ECF No. 17].

**B.**    **Discussion**

AEDPA requires, with a few exceptions not applicable here, that habeas corpus claims under 28 U.S.C. § 2254 be filed within one year of the date the petitioner's judgment of sentence became final.

28 U.S.C. § 2244(d)(1)(A).[5] It also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

As set forth above, Demerecz's judgment of sentence became final on or around September 16, 2009. His PCRA motion was pending on that date and, therefore, AEDPA's statute of limitations was immediately statutorily tolled pursuant to 28 U.S.C. § 2244(d). Thus, when that proceeding finished, Demerecz still would have 365 days to file a timely habeas petition in federal court.

The Court of Common Pleas denied the PCRA petition on October 22, 2009, and Petitioner did not file an appeal. Therefore, that PCRA proceeding concluded on November 21, 2009, which is the date the time to file an appeal expired. The next day, AEDPA's limitations period began to run.

On June 8, 2010, Petitioner filed another timely PCRA petition (CP Dkt. No. 46). At that point, approximately 198 of AEDPA's limitation period had run (from November 22, 2009, to June 7, 2010). AEDPA's limitations period was statutorily tolled pursuant to 28 U.S.C. § 2244(d)(2) during the pendency of this proceeding. Therefore, when this PCRA proceeding concluded Petitioner would have approximately 167 days remaining under AEDPA's limitation period to file a timely federal habeas petition.

This PCRA proceeding concluded on December 7, 2011, which is the date the Supreme Court of Pennsylvania denied a PAA from the Superior Court's decision affirming the denial of PCRA relief.

---

5       Demerecz does not establish that he is entitled to take advantage of any of the other provisions triggering the one-year limitations period. He did not suffer any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). His claims are not based on a new constitutional right recognized by the U.S. Supreme Court and made retroactive to cases on collateral review. Id. at § 2244(d)(1)(C). He has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. Id. § 2244(d)(1)(D).

AEDPA's limitation period began to run again the next day. Since approximately 198 days already had run, he had until on or around May 23, 2012 (approximately 167 days from December 7, 2011), to file a timely federal habeas petition. He did not file the instant petition until, at the very earliest, June 4, 2013. Accordingly, his claims are untimely by approximately 377 days.

The postconviction proceeding that Demerecz commenced on or around December 29, 2011, when he filed the petition to examine evidence, **did not** statutorily toll AEDPA's statute of limitations under 28 U.S.C. § 2244(d)(2). Because the Superior Court deemed it to be untimely under state law, it does not qualify as a "properly filed application for State post-conviction or other collateral review" under the terms of § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (quotation marks and brackets deleted); id. at 417 ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."). As a result, AEDPA's limitation period continued to run during time that Demerecz was litigating that petition in state court.

The U.S. Supreme Court has held that AEDPA's statute-of-limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649. See also United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Ross v. Varano, 712 F.3d 784, 798-804 (3d Cir. 2013); Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing *both* elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). The U.S. Court of Appeals for the Third Circuit has explained:

> "[C]ourts must be sparing in their use of equitable tolling," <u>Seitzinger v. Reading Hosp. & Medical Ctr.</u>, 165 F.3d 236, 239 (3d Cir. 1999), and should do so "only when the principles of equity would make the right application of a limitation period unfair." <u>Miller [v. New Jersey State Dept. of Corr.]</u>, 145 F.3d [616, 618 (3d Cir. 1998)].

<u>Sistrunk</u>, 674 F.3d at 190.

Demerecz has not met his burden of demonstrating that he is entitled to equitable tolling. He has not directed this Court to anything that would qualify as an "extraordinary circumstance" that stood in his way of filing a timely federal habeas petition. He also fails to demonstrate that he was diligent in filing his federal habeas corpus petition, which, as already noted, was untimely by 377 days.

Demerecz argues that a dismissal of his claims will result in a "fundamental miscarriage of justice" because he is innocent. [ECF No. 17]. In <u>McQuiggin v. Perkins</u>, — U.S. — , 133 S.Ct. 1924 (2013), the Supreme Court recognized that the actual innocence gateway to federal habeas review developed in <u>Schlup v. Delo</u>, 513 U.S. 298 (1995) extends to cases where a petitioner's claims would otherwise be barred by the expiration of the one-year statute of limitations prescribed by AEDPA. It held that, in order to avoid a miscarriage of justice, a federal court may entertain a § 2254 petition if the petition states facts that could amount to a convincing claim of actual innocence even if AEDPA's statute of limitations for such a petition has expired. <u>McQuiggin</u>, 133 S.Ct. at 1934-35. This "actual innocence" exception applies only to a "severely confined category" of cases, namely, those matters where the petitioner produces new evidence sufficient to show that "it is more likely than not that no reasonable juror would have convicted [the petitioner]." <u>Id.</u> at 1933 (quoting <u>Schlup</u>, 513 U.S. at 327)). The Supreme Court cautioned that "tenable actual-innocence gateway pleas are rare." <u>Id.</u> at 1928, and that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" <u>Id.</u> at 1936 (quoting <u>Schlup</u>, 513 U.S. at 316). There is no

question that this is not the type of extraordinary case in which a petitioner can overcome AEDPA's statute of limitations by way of the miscarriage of justice gateway.

**C.**     **Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether the petition for a writ of habeas corpus should be dismissed because Demerecz's claims are untimely. Accordingly, a certificate of appealability will be denied.

## II.

For the reasons set forth above, Demerecz's claims are dismissed with prejudice because they are untimely, and a certificate of appealability is denied. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JONATHAN PAUL DEMERECZ,          )
                 Petitioner,     )          Civil Action No. 13-194 Erie
                                 )
        v.                       )
                                 )          Magistrate Judge Susan Paradise Baxter
SUPERINTENDENT McGRADY, et al.,  )
                 Respondents.    )

**ORDER**

**AND NOW,** this 5th day of **December**, **2014**;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE** because Petitioner's claims are untimely and a certificate of appealability is **DENIED**.

The Clerk of Courts is directed to close this case.


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge